UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULINE G. FEIST | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| STATE OF LOUISIANA, DEPARTMENT | * | SECTION |
| OF JUSTICE | * | MAGISTRATE |
| * * * * * * * * * * * * * * * * * | * | **JURY TRIAL DEMANDED** |

## COMPLAINT

The complaint of Pauline G. Feist, an African-American female of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana within the Eastern District of Louisiana, respectfully avers as follows:

1. Made defendant herein is the State of Louisiana, Louisiana Department of Justice, Office of the Attorney General, a political subdivision of the State of Louisiana.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* As such, jurisdiction is proper pursuant to 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C. § 1391(a).

### FACTS

3. Plaintiff Pauline G. Feist (Feist) was employed with the Louisiana Department of Justice (LDJ) for approximately eight years without adverse incidents. In addition to her nursing degree and law degree, she has a Masters of Law degree.

4. Feist was the only African American in the medical malpractice section of the department. Five of the six Assistant Attorneys General in the medical malpractice section in the Baton

Rouge section received a substantially greater salary than Feist. Their salaries ranged from $69,867.46 to $81,384.42 where Feist's salary is $58,000.00. All of those attorneys are white, and most, if not all, are less qualified and experienced than Feist.

5. On July 25, 2008, Feist respectfully requested a salary increase based on merit and the increased cost of living in the New Orleans area. The LDJ responded to Feist's request on August 13, 2008, advising that her request for a salary adjustment would be "included in a comprehensive study of the LDJ compensation structure and would be completed on or prior to September 30, 2008."

6. To date, no such study has been completed or apparently even begun. Feist refrained from taking any immediate formal action concerning her claim of discrimination based upon her salary. However, the Attorney General refused to meet with Feist personally or even by deputy.

7. Other white and male Assistant Attorneys General employed by the department who have been with the department for far fewer years than Feist, and were admitted to practice after she was, are already making salaries comparable to that of Feist. For example, Thomas Brahney, a white male, who was admitted to practice in Louisiana in 2002, and began his job with the department thereafter, is receiving a salary of $59,548.84. Rebecca Urrutia, a white female, who has been with the department for only two years, and was not admitted to practice in Louisiana until 2003, is receiving a salary of $58,975.54. Further, Matthew Derbes, a white male who graduated from law school in May, 2002, is being paid $72,080.06. Phyllis Glazer, a white female, who was not admitted to practice in Louisiana

until October 2005, is receiving a salary of $52,810.68. The LDJ has refused to discuss any resolution of the pay issue.

8. Feist complained of these racially discriminatory wage differentials. Her complaints were to no avail. Instead, the LDJ eventually terminated Feist for the pretextual reason of "messing up a case."

9. Other similarly situated white employees, who failed to win cases but did not protest discriminatory employment practices, were not terminated.

10. In 2008, the LDJ moved its New Orleans office to 400 Poydras Street. The only available parking is nearly two blocks away over uneven cobblestone pavement.

11. By July of 2005 Feist had developed a chronic knee condition which significantly limited the amount and kind of walking Feist was able to do. Prior to the move, Feist was able to park within twenty feet of her office building.

12. On July 30, 2008, Feist sent a request for a parking spot in the 400 Poydras Street parking lot. At that time, Feist informed the LDJ's Office Chief that she has a permanent disability which limited her ability to walk. Feist documented her request with her doctor's recommendation.

13. The LDJ replied to Feist that no on-site parking was available to accommodate her request. This statement is untrue.

14. The LDJ had assigned permanent parking spaces for other Caucasian, non-disabled males who were not in leadership positions. To justify the permanent parking, the LDJ had, in

some cases, fabricated job titles such as "section chief" when, in fact, no such position existed.

### COUNT ONE:  RACE DISCRIMINATION AND RETALIATION

15. The LDJ's actions, in discriminating against Feist on the basis of her race, African-American, and retaliating against her for complaining of race discrimination violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, as amended.  The LDJ's actions abridged Feist's rights pursuant to Title VII, for which the LDJ is liable unto Feist for the damages set forth herein below.

16. Feist filed Charges of Discrimination with the EEOC on November 3, 2008 (alleging disparate income) and April 23, 2009 (alleging race discrimination).  More than 180 days passed without investigation, and the U.S. Department of Justice issued its Notice of Right to Sue on September 2, 2009.  Feist timely files this Complaint.

### COUNT TWO:  AMERICANS WITH DISABILITIES VIOLATION

17. At no time did the LDJ attempt to accommodate Feist, despite her requests for accommodation, nor did the LDJ engage in any dialogue with Feist or her treating physician concerning what accommodation would be appropriate.

18. The reason the LDJ took the adverse actions against Feist was because of or, alternatively, was in significant part due to her perceived or actual disability.  The LDJ has violated the provisions of Americans with Disabilities Act and is liable unto Feist for damages arising therefrom, *infra.*

## DAMAGES

19. As a result of the actions of the LDJ, Feist has suffered and continues to suffer damages in the following, non-exclusive respects:

   a.   lost back pay including benefits; front pay including benefits;

   b.   mental anguish including vexation and worry in connection with the filing of this suit, loss of professional reputation and loss of enjoyment of life;

   c.   prejudgment interest;

   d.   attorney's fees and costs of these proceedings;

   e.   any and all injunctive and equitable relief available to Feist under the law, and;

   f.   any and all other relief available by law not specifically named herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Pauline G. Feist prays that this, her Complaint, be cited and served on Defendant Department of Justice, Office of the Attorney General (LDJ), that the LDJ be required to answer same, and, after due proceedings had, that judgment be rendered in her favor and against LDJ for an amount supported by the evidence; for appropriate injunctive relief including a mandatory injunction directing the LDJ to cease and desist from pursuing discriminatory wage practices based on race and/or gender; for front pay and benefits and back pay and benefits, for consequential monetary losses, and for such additional equitable and legal relief as deemed appropriate, proper and just by this Court, and for costs including reasonable attorney's fees, and for legal interest from the date of judicial demand according to the law of the State of Louisiana.

Plaintiff Pauline G. Feist further prays for a trial by jury on all issues so triable.

> Respectfully submitted,
> LAW OFFICE OF DALE EDWARD WILLIAMS
>
> /s/Dale E. Williams
> Dale E. Williams, Bar #18709
> 212 Park Place
> Covington, Louisiana 70433
> Telephone: (985) 898-6368
> Facsimile:  (985) 892-2640
> mailto:dale@daleslaw.com

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 13th day of October 2009.

*[signature]*
PAULINE G. FEIST

6