## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**PAULINE G. FEIST**                          **CIVIL ACTION**

                                             **DOCKET NO.:09-CV-07060-MVL-SS**

**VERSUS**

                                             **JUDGE MARY ANN VIAL LEMMON**

**LOUISIANA STATE**
**DEPARTMENT OF JUSTICE**          **MAGISTRATE SALLY SHUSHAN**

### ANSWER AND DEFENSES
### AND REQUEST FOR JURY TRIAL FILED ON BEHALF OF
### STATE OF LOUISIANA, DEPARTMENT OF JUSTICE

**NOW INTO COURT,** through undersigned counsel, comes defendant State of Louisiana, Department of Justice, and for answer to plaintiff's complaint denied each and every allegation therein, save those admitted or qualified herein below.  Further answering, defendant avers:

### 1.

The allegations in Paragraph 1 are admitted.

### 2.

The allegations in Paragraph 2 are conclusions of law which require no answer; but if an answer is deemed required, jurisdiction is denied as to claims under 42 U.S.C. 1981.   The remainder of the allegations are admitted.

### 3.

In response to the allegations in Paragraph 3, it is admitted that plaintiff was employed by defendant for approximately eight (8) years.  It is further admitted that plaintiff has a nursimg degree, a law degree and a Masters of Law degree.   The remainder of the allegations are denied.

4.

The allegations in Paragraph 4 are denied.

5.

In response to the allegations in Paragraph 5, it is admitted that plaintiff requested a salary increase on July 25, 2008.    It is further admitted that defendant responded to plainitff's request on August 13, 2008.    The remainder of the allegations are denied.

6.

The allegations in Paragraph 6 are denied.

7.

The allegations in Paragraph 7 are denied.

8.

In response to the allegations in Paragraph 8, it is admitted that plaintiff complained of wage differentials, which she described, but defendant denies, as racially discriminatory.  It is further admitted that defendant terminated its employment relationship with plaintiff. The remainder of the allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied.

10.

In response to the allegations in Paragraph 10, it is admitted that plaintiff relocated its New Orleans office to 400 Poydras Street.  The remainder of the allegations in Paragraph 10 are denied.

11.

In response to the allegations in Paragraph 11, the allegations regarding defendant's physical condition and limitations prior to or in July 2005 are denied for lack of sufficient information upon which to form a belief.   The remainder of the allegations in Paragraph 11 are denied.

12.

In response to the allegations in Paragraph 12, it is admitted that on July 30, 2008, plaintiff sent a request to defendant for a parking spot in the 400 Poydras Street parking lot.  It is further admitted that plaintiff's request stated that she was permananently disabled. The remainder of the allegations in Paragraph 12 are denied.

13.

In response to the allegations in Paragraph 13, it is admitted that defendant replied to plaintiff that there was no available permanent parking spaces in the building.   The remainder of the allegations in Paragraph 13 are denied.

14.

The allegations in Paragraph 14 are denied.

15.

The allegations in Paragraph 15 are denied.

16.

In response to the allegations in Paragraph 16, it is admitted that defendant filed a Charge of Discrimination on April 23, 2009.   The remainder of the allegations in Paragraph 16 are denied for a lack of sufficient information upon which to justify a belief therein.

17.

The allegations in Paragraph 17 are denied.

18.

The allegations in Parargraph 18 are denied.

19.

The allegations in Paragraph 19 are denied.

20

All allegations in the "Prayer for Relief" are denied.

21.

Defendant requests a trial by jury.


**IN FURTHER ANSWERING,** defendant avers:

<u>**FIRST DEFENSE**</u>

Plaintiff's claims under 42 U.S.C. 1981 are barred by the Eleventh Amendment.

<u>**SECOND DEFENSE**</u>

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Defendant denies that plaintiff is entitled to any damages, but in the alternative, defendant pleads that plaintiff, despite having adequate and reasonable opportunity to do so, failed to mitigate her damages so that any recovery sought herein should be reduced or precluded entirely.

<u>**FOURTH DEFENSE**</u>

Plaintiff, as a former employee, lacks standing to claim prospective equitable relief.

**WHEREFORE**, defendant prays that this answer be deemed good and sufficient, and, after due proceedings are had, there be judgment in favor of defendant herein, dismissing plaintiff's complaint with prejudice, at her costs.

Respectfully submitted:

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

**CLAYTON LAW FIRM**

 **/s Antonio M. Clayton**
ANTONIO M. CLAYTON, La. Bar Roll No. 21191
SPECIAL ASSITANT ATTORNEY GENERAL
607 N. Alexander Avenue
Port Allen, Louisiana 70767
Telephone: (225)344-7000
Facsimile: (225)383-7631
tclaytonlaw@aol.com

**SHOWS, CALI, BERTHELOT & WALSH, LLP**

 **/s E. Wade Shows**
E. WADE SHOWS, La. Bar Roll No. 7637
AMY L. MCINNIS, La. Bar Roll No. 29337
SPECIAL ASSISTANT ATTORNEYS GENERAL
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
ews@scbllp.com
amym@scbllp.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, a copy of the foregoing Answer and Defenses and Request for Jury Trial Filed on Behalf of State of Louisiana, Department of Justice, was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to CM/ECF participants by operation of this court's electronic filing system.

**s/ E. Wade Shows**
E. WADE SHOWS