UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAULINE G FEIST                              CIVIL ACTION NO.09–7060

v

LOUISIANA STATE DEPARTMENT           JUDGE:       LEMMON
         OF JUSTICE                          Magistrate Judge:    Shushan

## MEMORANDUM

Plaintiff moves to continue trial and all dates in this matter in order to consolidate it with her newly filed wrongful (retaliatory) termination matter, No. No.11-01585 USDC/EDLA.

The pending complaint was filed by predecessor counsel after plaintiff's termination and vaguely mentions retaliation, and defendant's answer, paragraph 8, responds to that allegation of retaliation.  However, the complaint does not specifically refer to retaliatory discharge.  When the complaint was filed, an EEOC charge had been filed, but a Right-to-sue letter had not been requested.

Plaintiff has sought defendant's opinion of the scope of the complaint; it seems to have settled on the view that the complaint does not include a count of retaliatory discharge.

In anticipation of that eventual position, plaintiff obtained a Right-to-sue letter. Because the 90-day window to file that complaint closes @ July 15, 2011, and there is not time before then to resolve whether an amendment claiming retaliatory

discharge lies, plaintiff has now filed a complaint for retaliatory discharge and noted that it is related to the present matter.

The newly filed complaint is related to the present matter such that they should be consolidated for all purposes, including discovery. Consolidation would be the most efficient course to take.

Further, there is a relatively minor problem of mutually extending the deadline for expert reports. This would be resolved by granting this motion.

Plaintiff made timely request for her treating psychologist's report and expects to have that in hand within the week.

However, the undersigned overlooked the probable necessity for a report from the doctor treating her knees for injury allegedly resulting from defendant's failure to provide plaintiff with a parking space closer to the office. The refusal to accommodate resulted in a longer walk to her vehicle and alleged injury to her knees. Defendant opposes a mutual extension, apparently on some unspecified basis that it would impact the rest of discovery.  Notwithstanding defendant's concerns, permitting time for an expert's report from plaintiff's treating "knee" doctor would clarify the medical situation. (Hopeful that this motion to continue all dates will be granted, a separate motion to extend the deadlines for expert reports is not being filed.)

Finally, plaintiff is only intermittently medically able to appear at the office of

the undersigned and, when appearing, only intermittently medically able to assist in answering and responding to discovery. This situation has dramatically slowed plaintiff's responses to discovery.

Accordingly, plaintiff moves to continue trial and all deadlines in the captioned matter and consolidation of this matter with the complaint for retaliatory discharge.

> Respectfully submitted,
> /s/ J Courtney Wilson 13561
> 1510 Veterans Blvd
> Metairie, La 70005
> (T) 504/832-0585
> (F) 504/'846-2400
> E/m cwilson@courtlaw.net