UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULINE G. FEIST** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7060 c/w 11-1585** |
| **STATE OF LOUISIANA, DEPARTMENT OF JUSTICE** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, State of Louisiana, Department of Justice (Doc. #158), is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by plaintiff, Pauline G. Feist (Doc. #160) is **DENIED**.

### BACKGROUND

This matter is before the court on cross-motions for summary judgment filed by the defendant, the State of Louisiana, Department of Justice (the "LaDOJ") (Doc. #158), and plaintiff, Pauline G. Fiest (Doc. #160). These motions were filed after this action was remanded to this court from the United States Court of Appeals for the Fifth Circuit for consideration of plaintiff's Americans with Disabilities Act ("ADA") claim.

Plaintiff is an African-American female who was employed as a staff attorney at the LaDOJ's New Orleans office. In 2005, plaintiff developed a chronic knee condition that limited her ability to walk. In 2008, the LaDOJ moved its New Orleans, Louisiana office to 400 Poydras Street where the majority of the employee parking was approximately a block-and-a-half away from the office. There were a limited number of on-site parking spaces that were reserved for administrative employees and the most senior attorneys. On July 30, 2008, plaintiff informed the LaDOJ of her

knee condition, and requested an on-site parking space. The LaDOJ asked for supporting documentation from plaintiff's physician, and when the documentation was insufficient, her request was denied. The LaDOJ suggested that she park in the building's handicapped spots free of charge until a permanent parking space could be obtained for her.

On September 21, 2008, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the LaDOJ denied her a reasonable accommodation due to her race and gender, because only white males were allocated parking spaces in the building. In her complaint, plaintiff alleges that there were available on-site parking spaces and that on-site parking spaces were given to white, non-disabled males. Plaintiff also alleges that the LaDOJ created false titles to justify the allocation of the on-site parking spaces.[1]

On October 28, 2009, plaintiff filed this suit in the United States District Court for the Eastern District of Louisiana against the LaDOJ alleging that the LaDOJ violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), by not attempting to accommodate her with an on-site parking space due to her disability.[2] This court granted summary judgment for the LaDOJ on plaintiff's ADA claim finding that plaintiff did not prove that the requested on-site parking space

---

[1] Plaintiff subsequently filed two more charges of discrimination with the EEOC. On November 3, 2008, she alleged that she was discriminated against because of her race and gender in that she was paid less than similarly-situated employees. She alleged on April 14, 2009, that she was discharged because of her race and in retaliation for filing a previous Charges of Discrimination with the EEOC.

[2] Plaintiff also alleged that the LaDOJ violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., by discriminating against her in terms of her salary and retaliating against her by terminating her for complaining about the disparate wages. Plaintiff also filed amended complaints in which she alleged that she was terminated due to discrimination based on her gender and disability and/or perceived disability, and in retaliation for participating in the protected activity of requesting reasonable accommodation for her disability. These claims have been dismissed with prejudice and are not before the court at this time.

was essential to her job function. The United States Court of Appeals for the Fifth Circuit reversed that finding, holding that the reasonable accommodatation need not be essential to a job function. Feist v. La., Dep't of Justice, Office of the Attorney Gen., 730 F.3d 450, 453-54 (5th Cir. 2013). The case was remanded the matter "for further proceedings not inconsistent with this opinion." Id. at 454.

## ANALYSIS

### A.     Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B.     Plaintiff's ADA Failure to Accommodate Claims

Plaintiff alleges that the LaDOJ violated the ADA in 2008, by denying her the reasonable accommodation of an on-site parking space.

Title I of the ADA prohibits covered entities from committing employment discrimination on the basis of disability, which discrimination includes "not making reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(a). To establish a prima facie case for failure to accommodate, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability and consequential limitations; and (3) the employer failed to reasonably accommodate her known limitations.[3] Feist, 730 F.3d at 452.

### 1. Qualified Individual with a Disability and Employer Aware of Disability

The LaDOJ argues that plaintiff was not a qualified individual with a disability and that it was not properly informed of her disability and consequential limitations because of plaintiff's failure to provide specific medical records. This court has already found, and the United States Court of Appeals for the Fifth Circuit has affirmed, that plaintiff was a qualified individual with a disability, and it was know to the LaDOJ. See id. at 453. Thus, it is the law of the case that these elements are satisfied, and the court will not revisit those issues. Gene & Gene, L.L.C. v. BioPay, L.L.C., 624 F.3d 698, 702 (5th Cir. 2010) ("The law of the case doctrine provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on appeal.'") (quoting Fuhrman v. Dretke, 442 F.3d 893, 896 (5th Cir. 2006)).

---

[3] In 2008, Congress enacted the ADA Amendments Act of 2008, which amended the ADA as to claims arising on or after January 1, 2009. Amsel v. Tex. Water Dev. Bd., 464 Fed. Appx. 395, n. 2 (5th Cir. 2012). Plaintiff's ADA failure to accommodate claim arose in 2008. Thus, the pre-amendment version of the ADA and the jurisprudence interpreting it apply to her claim.

### 2.     Failure to Accommodate

Plaintiff alleges that the LaDOJ failed to reasonably accommodate her disability in violation of the ADA by refusing to give her an on-site parking space.

The applicable verison of the ADA provides that a "reasonable accommodation" may include:

> (A) making existing facilities used by employees readily accessible and usable to individuals with disabilities; and
>
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).

The ADA's implementing regulations define reasonable accommodation as:

> (i)   Modification or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or
>
> (ii)  Modifications or adjustments to the work environment . . . that enable an individual with a disability who is qualified to perform the essential job functions of that position; or
>
> (iii) Modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities.

Plaintiff argues that on-site permanently assigned parking was a benefit and privilege of employment with the LaDOJ. The LaDOJ argues that it was not, and that only five employees who were in administrative positions or the most senior attorneys in the office received on-site parking spaces. The LaDOJ further argues, and plaintiff admits, that the LaDOJ offered plaintiff the

accommodation of parking in the on-site handicapped parking spaces free of charge until a permanent space could be obtained for her. Plaintiff argues that "this would never have worked for [her]," and refused the LaDOJ's offered temporary accommodation until a permeant solution was available.

"[T]he ADA requires that the employer and employee engage in an interactive process to determine a reasonable accommodation." E.E.O.C. v. Sears, Roebuck & Co., 417 F.3d 789, 797 (7th Cir. 2005) (quoting Baert v. Euclid Beverage, Ltd., 149 F.3d 626, 633 (7th Cir. 1998)). An employer's unwillingness to engage in a good faith interactive process may lead to a failure to reasonably accommodate an employee in violation of the ADA. Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 736 (5th Cir. 1999). However, the employer cannot be found to have violated the ADA when the employee is responsible for the breakdown of the interactive process. Id.

It is evident that in this case plaintiff was responsible for the breakdown in the interactive process. She was unwilling to accept the reasonable accommodation of parking free of charge in the on-site handicapped spaces, until the LaDOJ could obtain a permanent parking space for her. Plaintiff was obviously unwilling to engage in the process unless she received exactly what she requested. Because plaintiff's refusal of the offered reasonable accommodation caused a breakdown of the interactive process, the LaDOJ cannot be found to have violated the ADA. Id. Therefore, the LaDOJ's motion for summary judgment is GRANTED, and plaintiff's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, State of Louisiana, Department of Justice (Doc. #158), is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by plaintiff, Pauline G. Feist (Doc. #160) is **DENIED**.

New Orleans, Louisiana, this __30th__ day of June, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**